UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JASMINE ROBERTSON

VERSUS

WAL-MART LOUISIANA, L.L.C.

CIVIL ACTION

NUMBER 12-429-SCR

### RULING ON MOTION FOR SUMMARY JUDGMENT

Before the court is the Motion for Summary Judgment filed by defendant Wal-Mart Louisiana, LLC. Record document number 10.[1] No opposition has been filed.[2]

This cases arises from the plaintiff's fall at a Wal-Mart store in Baton Rouge, Louisiana. Defendant moved for summary judgment, supporting its motion with a Statement of Uncontested Facts and excerpts from the plaintiff's deposition.

**Summary judgment standard and applicable law**

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment

---

[1] The motion was filed by Wal-Mart Stores, Inc.  Wal-Mart Stores, Inc. is the ultimate corporate owner of Wal-Mart Louisiana, LLC.  See record document number 1, Notice of Removal, ¶ 9.  The only defendant is, and has always been, Wal-Mart Louisiana, LLC.  The court assumes this is just a drafting error by counsel for the defendant.  In this ruling, "Wal-Mart" refers to defendant Wal-Mart Louisiana, LLC.

[2] The time for the plaintiff to file a response to the motion has expired.

as a matter of law. Rule 56(c), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986). If the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to verdict in its favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The court may not make credibility findings, weigh the evidence or resolve factual disputes. *Id.*; *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992).

The substantive law dictates which facts are material. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). The Louisiana statute applicable to the plaintiff's claim is LSA-R.S. 9:2800.6, which sets forth a merchant's duty to persons who use its premises and the plaintiff's burden of proof in claims against merchants. The statute provides

in pertinent part as follows:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> C. Definitions:
>
> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

It is the plaintiff's burden to prove each element of a cause of action under the statute. *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997).

The Louisiana Supreme Court recognized in *White*, that the constructive notice requirement found in the merchant liability statute involves a temporal element:

> Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time ..." Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period of time. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.

*White*, 699 So.2d at 1084-85.

Because constructive notice is defined to include a mandatory temporal element, a plaintiff relying on constructive notice under La. R.S. 9:2800.6(B)(2) must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the defendant on notice of its existence. *Id.*, 699 So.2d at 1082.

Plaintiff in a slip and fall case may use circumstantial evidence to establish the temporal element. *Blackman v. Brookshire Grocery Co.*, 2007-348 (La.App. 3 Cir. 10/3/07), 966 So.2d 1185; *Henry v. Wal-Mart Stores, Inc.*, 99-1630 (La.App. 3 Cir. 3/1/00), 758 So.2d 327, *writ denied*, 00-929 (La. 5/26/00), 762 So.2d 1107.

### Analysis

Plaintiff testified in her deposition the she slipped on some grapes. Of the approximately 15 grapes on the floor, the only one that looked smashed was the one she slipped on. Plaintiff observed

4

nothing else on the floor.  Plaintiff has no idea how the grapes got on the floor, and no information to suggest that any Wal-Mart employee caused the grapes to be on the floor or was aware of the grapes on the floor.  Plaintiff has no information to suggest how long the grapes were on the floor before she fell.

Plaintiff failed to offer any summary judgment evidence sufficient to create a genuine dispute as to any material fact relevant to any element of her claim under LSA-R.S. 9:2800.6.  Therefore, summary judgment for the defendant is appropriate.

Accordingly, the defendant's Motion for Summary Judgment is granted.

Baton Rouge, Louisiana, June 25, 2013.

				                    STEPHEN C. RIEDLINGER
				                    UNITED STATES MAGISTRATE JUDGE